UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――― X
THE NEW YORK TIMES COMPANY and :
CHARLIE SAVAGE, :
                                 Plaintiffs, :
                                    v. :
DEPARTMENT OF JUSTICE, :
NATIONAL SECURITY DIVISION;        **COMPLAINT**
                                     :
FEDERAL BUREAU OF INVESTIGATION; :
NATIONAL SECURITY AGENCY; *and* :
OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE, :
                                Defendants. :
―――――――――――――――――――――――――――――― X

       Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE (together, "The Times"), by and through their undersigned attorneys, allege as follows:

       1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from four federal agencies in response to requests properly made by Plaintiffs.

       2.    The Defendant agencies are: the U.S. Department of Justice, National Security Division ("NSD"); the Federal Bureau of Investigation ("FBI"); the National Security Agency ("NSA"); and the Office of the Director of National Intelligence ("ODNI").

1

## PARTIES

3. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

4. Plaintiff Charlie Savage is a reporter at *The New York Times* covering national security and legal policy.

5. Defendant NSD is a division of the Department of Justice ("DOJ"). It is charged with protecting American national security, including by helping coordinate between law enforcement agencies and the Intelligence Community and by representing the government before the Foreign Intelligence Surveillance Court, including on matters involving Section 702 of the Foreign Intelligence Surveillance Act ("FISA"). It is one of the agencies that has possession and control of the records that Plaintiffs seek.

6. Defendant FBI is a division of the DOJ; it is both a principal American law enforcement agency and an intelligence agency. It works with Section 702 of FISA and is one of the agencies that has possession and control of the records that Plaintiffs seek.

7. Defendant NSA is a division of the Department of Defense ("DOD"). It is an intelligence agency that focuses on signals intelligence ("SIGINT") and cybersecurity. It works with Section 702 of FISA and is one of the agencies that has possession and control of the records that Plaintiffs seek.

8. Defendant ODNI leads the Intelligence Community. It is one of the agencies that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

10. Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

11. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

12. "A federal agency responding to a FOIA request must [] conduct an adequate search using reasonable efforts[.]" *Project S. v. ICE*, No. 21-cv-8440, 2024 U.S. Dist. LEXIS 48255, at *9-10 (S.D.N.Y. Mar. 12, 2024); *see also* 5 U.S.C. § 552(a)(3)(C).

13. If any agency denies a FOIA request or fails to respond within 20 business days, the requester has the right to administratively appeal that adverse outcome. *See* 5 U.S.C. § 552(a)(6)(A)(i).

14. FOIA further requires that agencies make a determination as to such appeals within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

15. Defendants have failed to meet these statutory deadlines set for responding to the requests and subsequent appeals. *See* 5 U.S.C. § 552(a)(6)(A)–(B). The Times is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## BACKGROUND

16. In 2008, Congress amended FISA to add Section 702. *See* FISA Amendments Act of 2008, Pub. L. No. 110-261, 122 Stat. 2436-78 (2008).

17. The provision allows the U.S. federal government to collect, from American service providers and without a warrant, the communications of foreigners abroad who have been targeted for certain intelligence purposes. In service of that goal, the government may incidentally collect the communications of Americans inside the United States when they interact with targeted foreigners, also without a warrant. *See, e.g.*, Charlie Savage, *What Is the Powerful Surveillance Law That Divided Lawmakers?*, N.Y. Times (Apr. 12, 2024), https://nyti.ms/4d902i0.

18. While many in the government see Section 702 as a crucial tool of national defense, civil liberties advocates see it, in its present form, as an encroachment onto Americans' privacy interests. *See, e.g.*, Noah Chauvin & Elizabeth Goitein, *What's Next for Reforming Section 702 of the Foreign Intelligence Surveillance Act*, Brennan Center (Feb. 2, 2024), https://bit.ly/3YddME8. *Cf. e.g.*, Matthew Waxman & Adam Klein, *Government Surveillance Keeps Us Safe*, N.Y. Times (Apr. 12, 2024), https://nyti.ms/3zTyXB6.

19. Section 702 is subject to a sunsetting provision that Congress has periodically extended since first enacting the law in 2008. In April 2024, the provision came close to lapsing after several House Republicans joined many Democratic colleagues in voting against a bill to reauthorize it. *See* Luke Broadwater & Charlie Savage, *After Trump Broadside, Surveillance Bill Collapses in the House*, N.Y. Times (Apr. 10, 2024), https://nyti.ms/4ddY1ky.

20. But days later, the House revised and passed a version of that bill after a compromise to extend the provision for a period of two years, shorter than originally planned. Ahead of final passage, the House barely defeated—in a 212 to 212 tie vote—an amendment that would have required government officials to get a warrant before using Americans' identifiers (like email addresses) to query the repository of messages swept up by the program. *See* Charlie

4

Savage & Luke Broadwater, *House Passes 2-Year Surveillance Law Extension Without Warrant Requirement*, N.Y. Times (Apr. 12, 2024), https://nyti.ms/4cPrba9.

21. On April 19, the day Section 702 was set to sunset, the House-passed bill went to the Senate floor, where several lawmakers proposed modifications to it. *See* 170 Cong. Rec. S2907–39 (Apr. 19, 2024) (attached as Ex. A). However, the Biden Administration sent a written statement to senators urging them to quickly pass the House version without amendments. While the program had legal authority to continue operating until April 2025, regardless of whether Congress extended it, the statement warned that a "major provider [] indicated it intend[ed] to cease collection" immediately, and another was considering stopping collection. The statement also said that, while the administration was confident that the FISA court would order any such companies to resume compliance, there could be gaps in collection in the meantime. If a rash of providers challenged the program, the Biden Administration warned, the "situation could turn very bad and dangerous very quickly." The statement did not identify the two providers, and the Justice Department declined to say more. *See* Charlie Savage & Luke Broadwater, *Senate Passes Two-Year Extension of Surveillance Law Just After It Expired*, N.Y. Times (April 20, 2024), https://nyti.ms/4fmR4jd.

22. In a floor speech, Senator Mark Warner (D-Va.), chair of the Senate Intelligence Committee, appeared to reference this information in urging the Senate to pass the reauthorization without amendments: "Any amendment added to this bill at this moment is the equivalent of killing the bill. Many have said: 'If we go past midnight tonight, it doesn't really matter.' Already, telecom companies—a number of them—have contacted the Department of Justice saying: If this bill expires—as it will at midnight—they will stop complying with 702, one of the most critical components of our intelligence backbone." Ex. A at S2921.

23. Senator John Cornyn (R-Tx.), a member of the Senate Intelligence Committee, also pointed to this possibility in his floor speech. He noted that the FISA court had "certified the current process through April of 2025, but that does not mean that the program can continue uninterrupted for another year. In the event of a lapse tonight at midnight, some communications and service providers will stop cooperating with the U.S. Government. . . . [U]nless Section 702 authority is extended today, our intelligence capabilities will take a hit. There is no question about it. We cannot count on these communication providers to keep providing information and cooperating once congressional authorization expires." Ex. A at S2912.

24. In a floor speech, Senator Mitch McConnell (R-Ky.), the Senate Minority Leader, cited this possibility as well: "Once Section 702 expires, companies will stop complying. It will be up to the government to play a slow and painstaking game of Whac-a-Mole in court against an army of the most sophisticated lawyers in the country, and in the meantime, actionable intelligence will pass us right by." Ex. A at S2908.

25. The Senate rejected all the amendments and, shortly after midnight on April 20, reauthorized the bill, 60-34.

26. Later that day, President Joe Biden signed the reauthorization of Section 702 into law. *See* Reforming Intelligence and Securing America Act, Pub. L. No. 118-49, 138 Stat. 862-94.

## FACTS

27. On April 22, 2024, Mr. Savage, on behalf of The Times, submitted identical FOIA requests to four federal agencies: NSD, FBI, NSA, and ODNI.

28. The requests seek "a copy of the communications from providers of the Section 702 program, if written (or records memorializing such communications if oral) that were cited

amid the April 19, 2024, Senate debate on whether to pass the 702 extension bill. . . . Specifically, [The Times seeks] records showing both the content of what each such provider said to the government, the timing and nature of that communication, and the identity of that provider."

### FBI Request

29. On May 3, 2024, FBI denied The Times's FOIA request, No. 1632553-000 (attached as Ex. B). The agency indicated that its Central Records System ("CRS") is "indexed according to investigatory interests" and thus "not arranged in a manner that allows for retrieval of information in the form [] requested."

30. On May 31, 2024, The Times appealed that determination. As The Times articulated in its appeal, "FBI has made no serious attempt to conduct a search reasonably calculated to uncover responsive records," as FOIA requires.

31. The FBI acknowledged this appeal on May 31, but The Times has not received a substantive response.

### ODNI Request

32. On May 20, 2024, ODNI denied The Times's FOIA request (attached as Ex. C). The agency indicated that "[a] thorough search was conducted and no responsive records were located."

33. On May 31, 2024, The Times appealed that determination. As The Times articulated in its appeal, "ODNI has said nothing about its search except that it was 'thorough.' And there is ample reason to doubt that assertion [as] ODNI [is] one of the main agencies charged with oversight of the 702 program."

34. The Times has not received a response to this administrative appeal.

*NSA & NSD Requests*

35. On May 16, 2024, NSA acknowledged The Times's FOIA request and assigned it a tracking number, Case No. 118442. The Times has not received any further response to this request.

36. On June 12, 2024, NSD acknowledged The Times's FOIA request and assigned it a tracking number, FOIA/PA #24-343. The Times has not received any further response to this request.

## FIRST CAUSE OF ACTION (FBI REQUEST)

37. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

38. Defendant FBI is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

39. Defendant FBI also has an obligation to make a determination with respect to an administrative appeal within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii).

40. Defendant FBI has failed to meet the statutory deadline of 20 business set by FOIA to respond to an administrative appeal. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

41. Defendant FBI is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

42. No exemptions permit the withholding of the documents sought by this request.

43.     Plaintiffs are thus entitled to an order compelling Defendant FBI to produce records responsive to this request.

## SECOND CAUSE OF ACTION (ODNI REQUEST)

44.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

45.     Defendant ODNI is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

46.     Defendant ODNI also has an obligation to make a determination with respect to an administrative appeal within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii).

47.     Defendant ODNI has failed to meet the statutory deadline of 20 business set by FOIA to respond to an administrative appeal. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

48.     Defendant ODNI is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

49.     No exemptions permit the withholding of the documents sought by this request.

50.     Plaintiffs are thus entitled to an order compelling Defendant ODNI to produce records responsive to this request.

## THIRD CAUSE OF ACTION (NSA REQUEST)

51.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

52. Defendant NSA is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

53. Defendant NSA has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

54. Defendant NSA is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

55. No exemptions permit the withholding of the documents sought by this request.

56. Accordingly, Plaintiffs are entitled to an order compelling Defendant NSA to produce records responsive to this request.

## FOURTH CAUSE OF ACTION (NSD REQUEST)

57. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

58. Defendant NSD is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

59. Defendant NSD has failed to meet the statutory deadline of 20 business days set by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA. *See id.* § 552(a)(6)(C)(i).

60.   Defendant NSD is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

61.   No exemptions permit the withholding of the documents sought by this request.

62.   Accordingly, Plaintiffs are entitled to an order compelling Defendant NSD to produce records responsive to this request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

63.   Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

64.   Order Defendants to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

65.   Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

66.   Grant Plaintiffs such other and further relief as this Court deems just and proper.


Dated: New York, New York
       August 6, 2024

/s/ *David E. McCraw*
David E. McCraw
Al-Amyn Sumar
Maya Gandhi
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-1244
Email: mccrad@nytimes.com
Email: al-amyn.sumar@nytimes.com
Email: maya.gandhi@nytimes.com

*Counsel for Plaintiffs*