UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,

        Plaintiffs,

    v.

DEPARTMENT OF JUSTICE, NATIONAL
SECURITY DIVISION;

FEDERAL BUREAU OF INVESTIGATION;

NATIONAL SECURITY AGENCY; and

OFFICE OF DIRECTOR OF NATIONAL
INTELLIGENCE,

        Defendants.

Case No. 24 Civ. 05982 (ER)

---

## ANSWER

Defendants Department of Justice, National Security Division ("NSD"), Federal Bureau of Investigation ("FBI"), National Security Agency ("NSA"), and Office of the Director of National Intelligence ("ODNI"), by their attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answer the allegations in the complaint ("Complaint") under the Freedom of Information Act ("FOIA") of Plaintiffs The New York Times Company and Charlie Savage (collectively, "Plaintiffs") upon information and belief as follows:

    1.    Paragraph 1 of the Complaint consists of Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiffs purport to bring this action pursuant to FOIA for the production of records from the four Defendants, but otherwise deny the allegations in this paragraph.

2.      Defendants admit that the Defendants in this action are NSD, FBI, NSA, and ODNI and that these entities are "agencies" within the meaning of 5 U.S.C. § 552(f)(1).

## PARTIES[1]

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.      Defendant NSD admits that it is a division of the Department of Justice. The second sentence of Paragraph 5 of the Complaint consists of Plaintiffs' characterization of NSD's charge, to which no response is required. Defendant NSD admits that it has possession of, and is currently processing, possibly responsive records.

6.      Defendant FBI admits that it is a division of the Department of Justice and that it has both law enforcement and intelligence functions. Defendant FBI asserts that it is undertaking efforts to determine whether it has possession of records responsive to Plaintiffs' request and therefore currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7.      Defendant NSA admits that it is a division of the Department of Defense and that it has a foreign signals intelligence (SIGINT) and cybersecurity mission. Defendant NSA admits that it uses Section 702 authority and that it has possession of responsive records, which it produced to Plaintiffs on August 21, 2024. Defendant NSA denies that it otherwise has possession and control of records responsive to Plaintiffs' FOIA request.

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Defendants assert that no response is required to such headings, which do not contain factual allegations.

8. Defendant ODNI admits that the Director of National Intelligence ("DNI") serves as the "head of the intelligence community" within the meaning of 50 U.S.C. § 3023(b)(1). Defendant ODNI denies that it has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint consists of Plaintiffs' legal conclusions concerning jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has subject matter jurisdiction over claims involving proper FOIA requests, subject to the terms, conditions, and limitations of FOIA.

10. Paragraph 10 of the Complaint consists of Plaintiffs' legal conclusions concerning venue, to which no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations concerning The New York Times Company's place of business.

## LEGAL FRAMEWORK

11. Paragraph 11 of the Complaint consists of Plaintiffs' characterization of a provision of FOIA, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant provision of the statute for a true and complete statement of its contents.

12. Paragraph 12 of the Complaint consists of a quotation from a case and citation to a provision of FOIA, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to those sources for a true and complete statement of their contents.

13. Paragraph 13 of the Complaint consists of Plaintiffs' characterization of a provision of FOIA, to which no response is required. To the extent a response is deemed required,

Defendants respectfully refer the Court to the relevant provision of the statute for a true and complete statement of its contents.

14. Paragraph 14 of the Complaint consists of Plaintiffs' characterization of a provision of FOIA, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant provision of the statute for a true and complete statement of its contents.

15. Paragraph 15 of the Complaint consists of Plaintiffs' characterization of provisions of FOIA and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants NSD and NSA admit that they did not issue substantive responses to Plaintiffs' requests within 20 business days. Defendants FBI and ODNI admit that they did not issue substantive responses to Plaintiff's administrative appeals within 20 business days. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

## BACKGROUND

16. Paragraph 16 of the Complaint consists of Plaintiffs' characterization of the Foreign Intelligence Surveillance Act ("FISA") and the FISA Amendments Act of 2008, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to those statutes for a true and complete statement of their contents.

17. Paragraph 17 of the Complaint consists of Plaintiffs' characterization of certain provisions of the FISA Amendments Act of 2008 and a citation to a news article published by Plaintiffs, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute and news article for a true and complete statement of their contents.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18 of the Complaint. The remainder of

Paragraph 18 consists of citations to news articles, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the contents of the news articles for a true and complete statement of their contents.

19.     Paragraph 19 of the Complaint consists of Plaintiffs' characterization of the legislative history of FISA and a citation to a news article published by Plaintiffs, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the legislative history of the statute and the contents of the news article for a true and complete statement of their contents.

20.     Paragraph 20 of the Complaint consists of Plaintiffs' characterization of the legislative history of FISA and a citation to a news article published by Plaintiffs, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the legislative history of the statute and the content of the news article for a true and complete statement of their contents.

21.     Paragraph 21 of the Complaint consist of Plaintiffs' characterization of the legislative history of the FISA and a citation to a news article published by Plaintiffs, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the legislative history of the statute and the contents of the news article for a true and complete statement of their contents.

22.     Paragraph 22 of the Complaint consists of Plaintiffs' characterization of Senate proceedings, a record of which Plaintiffs purport to attach as Exhibit A, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the court to Plaintiffs' Exhibit A for a true and complete statement of its contents.

23.     Paragraph 23 of the Complaint consists of Plaintiffs' characterization of Senate proceedings, a record of which Plaintiffs purport to attach as Exhibit A, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the court to Plaintiffs' Exhibit A for a true and complete statement of its contents.

24.     Paragraph 24 of the Complaint consists of Plaintiffs' characterization of Senate proceedings, a record of which Plaintiffs purport to attach as Exhibit A, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the court to Plaintiffs' Exhibit A for a true and complete statement of its contents.

25.     Paragraph 25 of the Complaint consists of Plaintiffs' characterization of the legislative history of FISA, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the legislative history of the statute for a true and complete statement of its contents.

26.     Paragraph 26 of the Complaint consists of Plaintiffs' characterization of the legislative history of FISA and a citation to a statute, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the legislative history of the statute and to the statute itself for a true and complete statement of their contents.

## FACTS

27.     Defendants admit that Mr. Savage submitted FOIA requests to each Defendant on April 22, 2024.  Defendants respectfully refer the Court to the FOIA requests for a true and complete statement of their contents.

28.     Paragraph 28 of the Complaint consists of partially quoted text from Plaintiffs' FOIA requests.  Defendants respectfully refer the Court to the FOIA requests for a true and complete statement of their contents.

### *FBI Request*

29. Defendant FBI admits that on May 3, 2024, it sent a response to Plaintiffs' FOIA request, a copy of which appears to be attached to the Complaint as Exhibit B. Defendant respectfully refers the Court to the response for a true and complete statement of its contents.

30. Defendant FBI admits that on May 31, 2024, Plaintiffs submitted an appeal of FBI's determination of Plaintiffs' FOIA request. Defendant respectfully refers the Court to Plaintiffs' appeal letter for a true and complete statement of its contents.

31. Defendant FBI admits that on May 31, 2024, it sent a letter advising Plaintiffs that it had received their appeal and that it has not otherwise issued a response to the appeal.

### *ODNI Request*

32. Defendant ODNI admits that on May 20, 2024, it sent a response to Plaintiffs' FOIA request, a copy of which appears to be attached to the Complaint as Exhibit C. Defendant respectfully refers the Court to the denial letter for a true and complete statement of its contents.

33. Defendant ODNI admits that on May 31, 2024, Plaintiffs submitted an appeal of ODNI's determination of Plaintiffs' FOIA request. Defendant respectfully refers the Court to Plaintiffs' appeal letter for a true and complete statement of its contents.

34. Defendant ODNI admits that it has not issued a substantive response to Plaintiffs' administrative appeal.

### *NSA & NSD Requests*

35. Defendant NSA admits that on May 16, 2024, it sent Plaintiffs a letter advising them that it had received their request and assigned the referenced tracking number. Defendant NSA denies that it has not otherwise responded to Plaintiffs' request and avers that on August 21, 2024, it sent Plaintiffs a final response to their request and produced responsive records.

36. Defendant NSD admits that on June 12, 2024, it sent Plaintiffs a letter advising them that it had received their request and assigned the request tracking number NSD FOIA/PA #24-343. Defendant NSD admits that it has not otherwise communicated with Plaintiffs regarding their request.

## FIRST CAUSE OF ACTION (FBI REQUEST)

37. Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

38. Defendant FBI admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The remainder of Paragraph 38 of the Complaint consists of Plaintiffs' characterization of Defendant FBI's legal obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

39. Paragraph 39 of the Complaint consists of Plaintiffs' characterization of Defendant FBI's legal obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

40. Defendant FBI admits that it did not issue a formal response to Plaintiffs' administrative appeal within 20 business days. The remainder of Paragraph 40 of the Complaint consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant FBI denies the remaining allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint consists of Plaintiffs' characterization of Defendant FBI's legal obligations under FOIA, to which no response is required. To the extent a response is

deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

42. Paragraph 42 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant FBI denies the allegations in this paragraph.

43. Paragraph 43 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant FBI denies that Plaintiffs are entitled to the requested relief, or any relief.

## SECOND CAUSE OF ACTION (ODNI REQUEST)

44. Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

45. Defendant ODNI admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The remainder of Paragraph 45 of the Complaint consists of Plaintiffs' characterization of ODNI's obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

46. Paragraph 46 of the Complaint consists of Plaintiffs' characterization of Defendant ODNI's legal obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

47. Defendant ODNI admits that it did not issue a formal response to Plaintiffs' administrative appeal within 20 business days. The remainder of Paragraph 47 of the Complaint consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a

responsive is deemed required, Defendant ODNI denies the remaining allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint consists of Plaintiffs' characterization of Defendant ODNI's legal obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

49. Paragraph 49 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant ODNI denies the allegations in this paragraph.

50. Paragraph 50 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant ODNI denies that Plaintiffs are entitled to the requested relief, or any relief.

## THIRD CAUSE OF ACTION (NSA REQUEST)

51. Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

52. Defendant NSA admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The remainder of Paragraph 52 of the Complaint consists of Plaintiffs' characterization of NSA's obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

53. Defendant NSA admits that it did not issue a substantive response to Plaintiffs' request within 20 business days. The remainder of Paragraph 53 of the Complaint consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant NSA denies the remaining allegations in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint consists of Plaintiffs' characterization of Defendant NSA's legal obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

55. Paragraph 55 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant NSA denies the allegations in this paragraph.

56. Paragraph 56 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant NSA avers that it has produced records responsive to Plaintiffs' request and denies that Plaintiffs are entitled to any additional relief.

## FOURTH CAUSE OF ACTION (NSD REQUEST)

57. Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

58. Defendant NSD admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). The remainder of Paragraph 58 of the Complaint consists of Plaintiffs' characterization of NSD's obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

59. Defendant NSD admits that it did not issue a substantive response to Plaintiffs' request within 20 business days. The remainder of Paragraph 59 of the Complaint consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant NSD denies the remaining allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint consists of Plaintiffs' characterization of Defendant NSD's legal obligations under FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provisions of the statute for a true and complete statement of its contents.

61. Paragraph 61 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant NSD denies the allegations in this paragraph.

62. Paragraph 62 of the Complaint consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant NSD denies that Plaintiffs are entitled to the requested relief, or any relief.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. Without waiving, limiting, modifying, or amending the foregoing, Defendants aver the following additional and affirmative defenses, in the alternative where appropriate, and to the extent discovery and the evidence so indicate:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

### THIRD DEFENSE

Plaintiffs have failed to describe the requested records with sufficient particularity as required by FOIA.

### FOURTH DEFENSE

Defendant FBI has exercised due diligence in processing the request. FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data.

### FIFTH DEFENSE

Defendant ODNI has exercised due diligence in processing the request. Defendant has made a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.

### SIXTH DEFENSE

Defendants NSA and NSD have exercised due diligence in processing Plaintiffs' FOIA requests, but exceptional circumstances existed or exist that necessitate additional time for Defendant to complete the processing of the request. 5 U.S.C. § 552(a)(6)(C).

### SEVENTH DEFENSE

Plaintiffs are not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

### EIGHTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief to the extent those requests exceed the relief authorized under FOIA, 5 U.S.C. § 552.

Defendants may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, Defendants reserve the right to assert

each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated: October 11, 2024
New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: /s/ *Rachael Doud*
RACHAEL DOUD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2699